(For opinion on the merits, see 106 Or. 612.)

## EVERSON ET AL. *v*. HAUN ET AL.

(216 Pac. 745.)

**Husband and Wife—Absence of Fraudulent Intent of Wife Did not Preclude Her Estoppel.**

In a suit by a husband and wife to cancel a deed executed in exchange for property and delivered to defendant without authority, *held*, that the fact that the wife had no dishonest intent to procure the property received in exchange and avoid liability by refusing to execute the deed, but that she merely repented of the bargain after taking possession of the merchandise, did not defeat defendants' right to claim a conveyance from her on the ground she was estopped to deny or consent to the transaction.

From Tillamook: GEORGE R. BAGLEY, Judge.

108 Or.—22

Department 2.

REHEARING DENIED.

For the motion, *Messrs. Botts & Winslow.*

*Contra, Mr. Webster Holmes.*

PER CURIAM.—We have carefully re-examined this case upon the petition for rehearing and find no sufficient reason to justify any change in the decree heretofore suggested.

Upon reviewing the opinion, however, we believe there are certain expressions used relating to the conduct of Mrs. Everson which are probably unduly severe. On review of the evidence we cheerfully acquit her of any dishonest intent to defraud the defendants, but are rather disposed to think that, influenced by the importunities and advice of her husband, she rushed into a bargain which further reflection and actual experiment convinced her was unwise, but which was brought about by no fraud on the part of the defendants. No doubt, in view of the depressed condition of business in Eastern Oregon which occurred immediately following the conclusion of the contract, Mrs. Everson regretted having consented to enter into it and perhaps naturally was disposed to blame the defendants. But if we sat here to set aside contracts at the behest of every person who finds or concludes he finds that he has made an improvident bargain the value of contracts would be destroyed. We can only hope that, with the revival of prosperity in the locality, this contract, which we still hold has been substantially complied with by the defendants, may turn out

to have been what Mr. Everson thought it was when he testified at the trial,—"A good bargain."

The petition for rehearing is denied.

REHEARING DENIED.